## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Invite Technologies, Inc.

      Plaintiff,

v.

Rehan Chaudhry and Rayan Khan,

      Defendants.

Case No.  1:24-cv-04752-JGK

### [PROPOSED] CONSENT JUDGMENT

**WHEREAS,** on June 21, 2024, Plaintiff Invite Technologies, Inc. ("Invite" or "Plaintiff") filed the Complaint, Dkt No. 1, in this Action alleging Defendants Rehan Chaudhry ("Chaudhry") and Rayan Khan ("Khan"; and together with Chaudhry, "Defendants") (collectively with Invite, the "Parties") committed the following: (1) Violations of the Defend Trade Secrets Act; (2) Misappropriation of Trade Secrets under New York common law; (3) Breach of Defendants' Confidentiality/Non-Disclosure/Non-Circumvention Agreements ("Confidentiality Agreements");  (4) Violations of the Computer Fraud and Abuse Act; (5) Conversion under New York common law (solely against Chaudhry); and (6) Civil Conspiracy.

**WHEREAS,** Chaudhry and Khan entered into the Confidentiality Agreements on August 2, 2021 and July 14, 2022, respectively.

**WHEREAS,** Chaudhry and Khan entered into Independent Contractor Agreements on November 10, 2021 and July 27, 2022, respectively.

**WHEREAS,** as part of Defendants' Confidentiality Agreements, Defendants agreed to certain confidentiality obligations and other restrictive covenants, as set forth in the Confidentiality Agreements;

**WHEREAS,** Plaintiff has alleged that Defendants have violated the confidentiality covenants contained in the Confidentiality Agreement by misappropriating Invite's trade secrets and confidential or proprietary information;

**WHEREAS,** on June 25, 2024, Chaudhry filed a complaint in Supreme Court of the State of New York, Nassau County, against Plaintiff and Plaintiff's co-founders (the "State Court Action") alleging that Plaintiff and Plaintiff's co-founders have failed to pay Chaudhry for hours worked and that Plaintiff and Plaintiff's co-founders fraudulently induced Chaudhry to carry out his services.

**WHEREAS,** the Parties have agreed to resolve their claims without the need for litigation by entering into this Consent Judgment;

**WHEREAS,** this matter comes before the Court on the Stipulation for Entry of the Consent Judgment between Plaintiff and Defendants;

**WHEREAS,** the Parties have agreed that this Consent Judgment shall operate as the final judgment in this action;

**WHEREAS,** the Defendants have consented to the entry of this Consent Judgment without trial or adjudication of any issue of fact or law and have agreed to waive any appeal of this Consent Judgment if the Consent Judgment is entered as submitted by the Parties;

**WHEREAS,** Defendants, by entering into this Consent Judgment, do not admit any allegations of wrongdoing or violations of applicable laws governing the alleged misappropriation of trade secrets, other than those facts of the Complaint deemed necessary to the jurisdiction of this Court;

2

**WHEREAS**, Defendants have agreed to waive service of the Complaint and Summons and hereby acknowledge the same;

**WHEREAS**, the Parties stipulate, and the Court finds based on such stipulation, that this Court has jurisdiction over the subject matter of this action and over the Parties for purposes of this Consent Judgment, that venue is proper, and that all substantive and procedural prerequisites to the entry of this Consent Judgment, as well as its enforceability under and/or its compliance with the Federal Rules of Civil Procedure, have been met and/or are hereby waived by the Parties.

**WHEREAS**, the Parties stipulate that this Consent Judgment may be entered without Findings of Fact and Conclusions of Law and waive all rights to request such findings or conclusions;

**WHEREAS**, Defendants represent and warrant, as a material term of this agreement, that they have performed a diligent search of all of their electronic systems, including, but not limited to, email accounts, document management systems, cloud storages, and hard drives, and that, upon compliance with Paragraph 3 below, they do not have possession, custody, or control of any of Invite's documents or information containing Invite's trade secrets and confidential or proprietary information, whether on their computer servers and systems (including email accounts), in hard copy form, or otherwise.

**WHEREAS**, Defendants represent and warrant, as a material term of this agreement, that they have not and will not disclose, transmit, copy, or otherwise transfer any confidential Invite information to any other person or entity.

**NOW THEREFORE**, without trial or adjudication of issues of fact or law, without this Consent Judgment constituting evidence against Defendants except as otherwise noted, and upon

consent of Defendants, the Court finds there is good and sufficient cause to enter this Consent Judgment, and that it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.     Defendants are enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from accessing, using, disclosing, or continuing to possess Invite's trade secrets and confidential or proprietary information, including, but not limited to: (a) the implementation of Plaintiff's systems and methods for associating advertisers with content creators; (b) software embodying Plaintiff's systems and methods for associating advertisers with content creators and any underlying computer code used in such software; (c) Plaintiff's customers, including customer lists, preferences, contact information, contractual terms, prices, and billing histories; (d) Plaintiff's finances, including financial statements, balance sheets, sales data, forecasts, and cost analyses; (e) Plaintiff's plans and projections for business opportunities for new or developing business, including marketing concepts and business plans; (f) Plaintiff's research and development activities, technical data, and computer files; (g) Plaintiff's operating methods, business processes and techniques, services, products, prices, costs, service performance, and operating results; (h) all written, graphic, electronic and other material relating to any of the foregoing; (i) any documents downloaded, copied, or otherwise accessed from Invite's systems, including, but not limited to, Invite's AWS environment; and (j) any documents created from information derived from Invite's trade secrets and confidential or proprietary information. Without limitation to the foregoing, Invite's trade secrets or confidential or proprietary information includes any emails, any and all drive materials, internal communications/ documents/ media/ design guidelines, ERD diagrams, all diagrams, front-end flow charts, process diagrams, memos, articles, prototypes, models (including not limited to LLM, ML, AI) any and all equations, research, algorithms, any databases, any buckets, S3,

4

mySQL, Google Firebase, both local and in cloud environments; any servers, AWS Backend Architecture, Http Listeners, EC2's, any and all backend architecture, any scripts, wireframes, front-end UX/UI materials, computing or equations, any local servers or local databases, any code including but not limited to C#, Swift, SwiftUI, UIKit, SQL, Java, JavaScript, TypeScript, Python, or Admin Dashboard; any future plans for Invite, roadmapping, timelines, features, key value propositions, business models, proof of concepts, revenue models, APIs, any related source code and materials on Github (front end, middle, and backend) Xcode, App Store Connect, TestFlight, any JIRA tickets, user stories, user journeys, epics, sprints, confluence documentation, work flows, analytics, diagrams, algorithms, Trello cards, release roadmaps, Q&A testing materials, and project journeys; any passwords or related account access information to any and all Invite-related accounts from all environments relating to the testing, development, or production of Invite's services or products.

2. Defendants are enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from soliciting any business from any customers of Invite whose name became known to them during their engagement with Invite or through Defendants' access to Invite's trade secrets and confidential or proprietary information or from otherwise interfering with such customer relationships, including taking any action that would reasonably be expected to reduce or negatively impact the amount business that Invite does with such customer.

3. To the extent that Defendants have not already done so, Defendants must immediately return or destroy, at Invite's discretion, all of Invite's trade secrets and confidential or proprietary information currently in their possession, custody, or control, including, but not limited to, all documents downloaded, copied, or otherwise accessed from Invite's systems,

5

Case 1:24-cv-04752-JGK    Document 8-1    Filed 07/16/24    Page 6 of 10

including Invite's AWS environment, and any documents created from information derived from Invite's trade secrets and confidential or proprietary information.

4.    Defendants affirm and warrant that they have not retained or transferred any of Invite's trade secrets or confidential or proprietary information and that they are not aware of the existence of any of Invite's trade secrets or confidential or proprietary information in the possession, custody, or control of a third-party.

5.    Within seven (7) days of the entering of this Consent Judgment, Defendants shall make available to a third-party forensics firm, to be chosen by Invite at its sole discretion, for imaging and/or inspection all electronic devices that have been in their possession, custody, or control during the timeframe between their respective engagements with Invite and the entry of this Consent Judgment for the sole purpose of allowing such forensics firm to search such devices for Invite's trade secrets and confidential or proprietary information. Defendants agree that in any future litigation or dispute involving the misappropriation of Invite's trade secrets or any other related matter, they shall, to the best of their abilities, cooperate fully and reasonably. Such cooperation shall include, but is not limited to:

a.    Providing relevant and necessary documents, records, and information upon reasonable request; and

b.    Being available for depositions, interviews, or statements.

6.    Within three (3) days of the entry of this Consent Judgment, Chaudhry shall take all necessary actions to dismiss or withdraw the State Court Action with prejudice.

7.    Defendants must refrain from stating, writing, or posting publicly on any platform, including but not limited to social media, internet forums, blogs, or any other online or offline medium, any content related to Invite or any defamatory, harassing, or derogatory

statements about Invite..

8.    Defendants shall not work in the field of associating or connecting advertisers with content creators or provide services for a competitor of Invite.

9.    The entry of this Consent Judgment resolves, and the Parties hereby release, all demands for monetary damages, further injunctive relief, or other relief, whether at law on in equity of any nature whatsoever, that were or might have been asserted in this matter, and each Party releases the other Parties from any and all claims each may hold against the other, including but not limited to claims that were or could have been asserted in this Action or the State Court Action under federal, state laws or otherwise through the date of the entry of this Consent Judgment. Such released claims shall include, but are not limited to, any and all manner of actions and causes of action, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever which one Party has against another Party arising out of or by reason of any cause, matter, or thing whatsoever occurring on or before the date of the entry of this Consent Judgment, whether known or unknown, suspected or claimed, specifically mentioned herein or not, including, but without limitation to, any or all matters relating to Defendants' engagement by Invite and the termination thereof, Defendants' alleged breach of the Confidentiality Agreements, Defendants' alleged unauthorized access of Invite's systems, and Defendants' alleged misappropriation of Invite's trade secrets or proprietary information, and all matters arising under any international, federal, state, or local statute, rule or regulation or principle of contract law or common law, in law or in equity. Defendants specifically release and waive any claim, however arising, to any ownership in Invite or any of its assets or intellectual property.

10.    Defendants disclaim any rights in Invite, its intellectual property, products, code,

know-how, trade secrets, and any other rights not specifically provided for in this Agreement.

11.    This Consent Judgment shall bind and inure to the benefit of the Parties, their officers, subsidiaries, affiliates, agents, representatives, employees, successors, future purchasers, acquiring parties, and assigns.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Consent Judgment does not extinguish any claims with respect to any third party.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court retains jurisdiction for the purpose of executing and enforcing the terms of this Consent Judgment, which shall be governed by the laws of the State of New York.

**DONE AND ORDERED** at New York, New York on this _16_ day of July, 2024.

_____
Honorable Judge John G. Koeltl

*The Clerk is directed to close this case.*

*So ordered.*

*J. G. Koeltl*
*7/16/24    U.S.D.J.*

8

**CONSENTED and AGREED TO:**

Dated: [DATE] 7/15/2024
[CITY], [STATE] Massapequa, NY

Plaintiff Invite Technologies, Inc.

*a Nap*

[SIGNATORY'S NAME] Anthony Napolitano
[SIGNATORY'S TITLE] Co-founder

Dated: 7/15/2024
Gainesville, VA

Defendant Rehan Chaudhry

*Rehan Chaudhry*

Rehan Chaudhry

Dated: 7/15/2024
Bristow, VA

Defendant Rayan Khan

Rayan Khan

77065512;7

**AGREED AS TO FORM AND CONTENT:**
Dated: July 15, 2024
New York, NY

**AKERMAN LLP**

_s/Jeffrey Kimmel/_
Jeffrey Kimmel
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Tel. (212) 880-3800
Fax (212) 880-8965
*Attorneys for Plaintiff Invite Technologies Inc.*